REDACTED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 1:05CV46-T |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| SUBWAY OF ASHEVILLE #7, LLC, AHMAD ENTERPRISES OF NORTH CAROLINA, INC., SUBWAY OF CANTON, INC., SUBWAY OF MERRIMON AVENUE, INC., and SUWAN SUBWAY, LLC, | ) ) ) ) ) ) ) | **JURY TRIAL DEMAND** |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to individuals who were adversely affected by the practices. Specifically, Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendants Subway of Asheville #7, LLC, Ahmad Enterprises of North Carolina, Inc., Subway of Canton, Inc., Subway of Merrimon Avenue, Inc., and Suwan Subway, LLC (collectively "Defendants") discriminated against Melanie Cooper, Jennifer Grady, C------ G------, C---------- J----------, D----- P------ and other similarly situated female employees because of their sex, female. The Commission further alleges that Defendants constructively discharged Melanie Cooper, C------ G------, C-------- J------- and other similarly situated female employees

because of their sex. Moreover, the Commission alleges that Defendants discriminated against Jennifer Grady by discharging her in retaliation for filing a charge of discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Subway of Asheville #7, LLC has continuously been a North Carolina corporation doing business in the State of North Carolina and the County of Buncombe.

5. At all relevant times, Defendant Ahmad Enterprises of North Carolina, Inc. has continuously been a North Carolina corporation doing business in the State of North Carolina and the County of Buncombe.

6. At all relevant times, Defendant Subway of Canton, Inc. has continuously been a North Carolina corporation doing business in the State of North Carolina and the County of Haywood.

7.  At all relevant times, Defendant Subway of Merrimon Avenue, Inc. has continuously been a North Carolina corporation doing business in the State of North Carolina and the County of Buncombe.

8.  At all relevant times, Defendant Suwan Subway, LLC has continuously been a North Carolina corporation doing business in the State of North Carolina and the County of McDowell.

9.  On information and belief, Defendants have operated as an integrated business enterprise since at least January 1996, and maintain their principal place of business in Asheville, North Carolina.

10. At all relevant times, as an integrated business enterprise Defendants continuously had at least fifteen employees.

11. At all relevant times, Defendants jointly and severally, have continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

12. More than thirty days prior to the institution of this lawsuit, Melanie Cooper, Jennifer Grady, C------ G------, C-------- J-------, and D------ P------ filed charges with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. From around October 2002 until around February 2003, Defendants engaged in unlawful employment practices at Defendants' Subway sandwich shop on Leicester Avenue in Asheville, North Carolina ("Leicester Subway"), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

3

REDACTED

a. Defendants subjected Melanie Cooper, Jennifer Grady, C------ G-----, C------- J--------, D------- P------- and other similarly situated female employees to sexual harassment that created a sexually hostile work environment based on their sex, female. The harassment included, but was not limited to, unwelcome sexual comments, gestures and touching by one of Defendants' male managers who had supervisory authority over the women. Some of the women complained about the sexual harassment and Defendants otherwise knew or reasonably should have known about the sexual harassment.

b. As a result of the sexual harassment Melanie Cooper, C------- G------, C--------- J-------- and other similarly situated female employees were forced to resign.

14. The effect of the practices complained of in paragraph 13 above has been to deprive Melanie Cooper, Jennifer Grady, C------- G------, C-------- J--------, D------- P------- and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

15. On or about November 6, 2002, Defendants engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Jennifer Grady in retaliation for engaging in a protected activity. Specifically, the Commission alleges that Defendants discharged Ms. Grady because she filed a charge of discrimination against two of the named Defendant entities in October 2002.

16. The effect of the practice complained of in paragraph 15 above has been to deprive Jennifer Grady of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in an activity protected by Title VII.

17. The unlawful employment practices complained of in paragraphs 13 and 15 above were done with malice or with reckless indifference to the federally protected rights of Melanie Cooper, Jennifer Grady, C------- G------, C-------- J--------, D------- P------- and other similarly situated female employees.

4

REDACTED

18. The unlawful employment practices complained of in paragraphs 13 and 15 above were intentional.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from sexual harassment or any other employment practice that discriminates on the basis of sex and from retaliating against employees who oppose unlawful discrimination, make of a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Melanie Cooper, Jennifer Grady, C------- G-----, C-------- J--------, and other similarly situated female employees by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendants to make whole Melanie Cooper, Jennifer Grady, C------- G-----, C-------- J--------, D------- P-------, and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, in amounts to be determined at trial.

E.  Order Defendants to make whole Melanie Cooper, Jennifer Grady, C------- G-----, C-------- J---------, D------- P-------, and other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.  Order Defendants to pay Melanie Cooper, Jennifer Grady, C------- G------, C-------- J---------, D------- P------- and other similarly situated female employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the ___ day of February 2005.

        Respectfully submitted,

        ERIC S. DREIBAND
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C. 20507

        _____
        LYNETTE A. BARNES
        Acting Regional Attorney


        _____
        KARA GIBBON HADEN
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        Telephone: 704.344.6885
        Facsimile: 704.344.6780

        ATTORNEYS FOR PLAINTIFF