| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | **CIVIL ACTION NO. 1:05CV46** |
| **OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **MELANIE COOPER, CRYSTAL GREEN,** | ) | |
| **CHRISTINA JACKSON and DANITA** | ) | |
| **POWELL,** | ) | |
| **Plaintiff-Intervenors,** | ) | **CONSENT DECREE** |
| | ) | |
| **And** | ) | |
| | ) | |
| **JENNIFER GRADY,** | ) | |
| **Plaintiff-Intervenor,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SUBWAY OF ASHEVILLE #7, LLC,** | ) | |
| **AHMAD ENTERPRISES OF NORTH** | ) | |
| **CAROLINA, INC., SUBWAY OF** | ) | |
| **CANTON, INC., SUBWAY OF** | ) | |
| **MERRIMON AVENUE, INC., and** | ) | |
| **SUWAN SUBWAY, LLC,** | ) | |
| **Defendants.** | ) | |
| | ) | |

The Equal Employment Opportunity Commission (the "Commission")
instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil
Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title
VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The
Commission's complaint alleged that Defendants Subway of Asheville #7, LLC,
Ahmad Enterprises of North Carolina, Inc., Subway of Canton, Inc., Subway of

Merrimon Avenue, Inc., and Suwan Subway, LLC (collectively "Defendants") discriminated against Melanie Cooper, Jennifer Grady, Crystal Green, Christina Jackson, Danita Powell and other similarly situated female employees because of their sex, female. The Commission's Complaint further alleged that Defendants constructively discharged Melanie Cooper, Crystal Green, Christina Jackson and other similarly situated female employees because of their sex, and that Defendants discriminated against Jennifer Grady by discharging her in retaliation for filing a charge of discrimination. Thereafter, Melanie Cooper, Jennifer Grady, Crystal Green, Christina Jackson, and Danita Powell intervened, through counsel, alleging violations of Title VII and state law, including wrongful discharge in violation of public policy, intentional infliction of emotional distress, negligent infliction of emotional distress, assault, battery, negligent hiring, and negligent supervision and retention. Defendants and each of them have denied and deny all such allegations.

The Commission, Plaintiff-Intervenors, and the Defendants, hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Commission and Plaintiff-Intervenors' complaints without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties, including all claims that were asserted by the individual Plaintiff-Intervenors under federal and state law, as provided in paragraphs 1 through 17 below.

## ORDER

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** as follows:

1.      Defendants shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2.      Defendants shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.      Defendants shall pay damages, costs, and attorneys' fees in the total amount of One Hundred Forty Thousand Dollars ($140,000.00) in settlement of all claims raised in this action.  Defendants shall make payment of One Hundred Twenty-Five Thousand Dollars ($125,000.00) within ten (10) days after the Court

approves this Consent Decree and payment of an additional Fifteen Thousand Dollars ($15,000.00) within sixty (60) days after the Court approves this Consent Decree. Of said total amount, Defendants shall make payment by causing to be issued attorney's Trust checks as follows:

     A.    To each Plaintiff-Intervenor (Melanie Cooper, Jennifer Grady, Crystal Green, Christina Jackson and Danita Powell), damages, costs and attorneys' fees in the amount of Twenty-Five Thousand Dollars ($25,000.00), subject to the payment schedule described above, and to be allocated according to a written agreement between counsel for Defendants and counsel for the individual Plaintiff-Intervenors;

     B.    To Jennifer Owens, damages in the amount of Twelve Thousand Five Hundred Dollars ($12,500.00) within ten (10) days after the Court approves this Consent Decree, and in the amount of Two Thousand Five Hundred Dollars ($2,500.00) within sixty (60) days after the Court approves this Consent Decree, for total payment of Fifteen Thousand Dollars ($15,000.00). The checks for Ms. Owens shall be sent directly to Ms. Owens at an address to be provided by the Commission.

Within ten (10) days after each payment, Defendants shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, North Carolina 28202, a copy of each check and proof of its delivery.

    4.    Defendant Subway of Asheville #7, LLC shall be responsible for payment of all monetary sums set forth in paragraph 3, *supra*, yet the remaining Defendants shall remain jointly and severally responsible for payment of said sums.

5.     Within ten (10) days of the entry of this decree by the Court, Defendants shall eliminate from the employment records of Melanie Cooper, Jennifer Grady, Crystal Green, Christina Jackson, and Danita Powell, any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Numbers 140-2003-00093, 140-2003-00436, 140-2003-03879, 140-2003-04325, 140-2003-04806, and 140-2003-04914 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendants shall report compliance with this provision to the Commission.

6.     Defendants agree to provide each of Melanie Cooper, Crystal Green, Jennifer Grady, Christina Jackson, Jennifer Owens, and Danita Powell with a positive letter of reference, a copy of which is attached hereto as Appendix A, within fifteen (15) days of the entry of this Decree.  Within ten (10) days of after mailing the letters of reference to Ms. Cooper, Ms. Green, Ms. Grady, Ms. Jackson, Ms. Owens, and Ms. Powell, Defendants shall report compliance to the Commission.  In addition, if Defendants receive any inquiries regarding the employment of Ms. Cooper, Ms. Green, Ms. Grady, Ms. Jackson, Ms. Owens, or Ms. Powell, Defendants shall provide a copy of the letter in lieu of an oral response.

7.     Within ninety (90) days of the entry of this Decree by the Court, each Defendant shall adopt, implement, and distribute a formal, written anti-discrimination

policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment; procedures for reporting discrimination, including sexual harassment; and a procedure for the thorough and immediate investigation of employee complaints of discrimination and sexual harassment. Each Defendant shall distribute to its current employees a copy of its policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this Decree, each Defendant shall report compliance to the Commission. During the term of this Decree, each Defendant shall distribute its policy to all new employees and train the new employee on the policy at the time of hire.

8. During the term of this Decree, each Defendant shall post a copy of its policy described in paragraph 7, *supra*, in all of its facilities in a place where it is visible to employees. Within ten (10) days after the Consent Decree is entered, each Defendant will post its policy and notify the Commission that it has been posted. If a policy becomes defaced or unreadable, the Defendant shall replace it by posting another copy of the policy.

9. During the term of this Decree, each Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil

Rights Act of 1964, and its prohibition against sexual harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program for each Defendant shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, the Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, the Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10.     Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, each Defendant shall conspicuously post the attached Employee Notice, marked Appendix B, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If a Notice becomes defaced or unreadable, the Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, each Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11.     During the term of this Consent Decree, each Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree.  The reports will include the following information:

A.     the identities of all individuals who have reported or complained of sexual harassment or sexual conduct, including by way of identification each person's name, last known telephone number and address, social security number, and job title;

B.     for each individual identified in 11.A. above, provide a detailed description of the individual's report/complaint and what action, if any, Defendant took in response to the report/complaint;

C.     the identities of all individuals who have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number;

D.     For each individual identified in 11.C. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

E.     for each individual whose employment status has changed as identified in 11.D. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, the Defendant(s) having nothing to report shall send the Commission a "negative" report indicating no activity.

12.	The Commission may review compliance with this Decree.  As part of such review, the Commission may inspect Defendants' facilities, interview employees and examine and copy documents.  However, such inspections, interviews and examinations shall take place at reasonable times during Defendants' normal business hours and in such a manner so as not to disrupt the orderly ongoing business of Defendants.

13.	If anytime during the term of this Decree, the Commission believes that any one or more Defendants is in violation of the Decree, the Commission shall give a reasonably detailed notice of the alleged violation to that Defendant.  The Defendant(s) shall have fourteen (14) calendar days in which to investigate and respond to the allegations.  Thereafter, the Commission and the Defendant(s) shall have a period of fourteen (14) calendar days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14.	The term of this Decree shall be for four (4) years from its entry by the Court.

15.	All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, North Carolina 28202.

16.     Each party shall bear its own costs and attorney's fees except as otherwise set forth in paragraph 3, *supra*.

17.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.  The Decree shall expire by its own terms at the end of four (4) years without further action by the parties.

18.     The court has conducted an independent review of the proposed consent degree, and finding that the terms of the decree comply with current law, are reasonable, and further the interests of justice, the decree is so entered.


Signed: May 19, 2006


Dennis L. Howell
United States Magistrate Judge

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

__/s/ Lynette A. Barnes__
LYNETTE A. BARNES (NC Bar No. 19732)
Regional Attorney
Email:        lynette.barnes@eeoc.gov

__/s/ Kara Gibbon Haden__
KARA L. GIBBON HADEN
(NC Bar No. 26192)
Senior Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:     704.344.6887
Facsimile:     704.344.6780
Email:         kara.haden@eeoc.gov

MELANIE COOPER, CRYSTAL GREEN, CHRISTINA JACKSON and DANITA POWELL, Plaintiff-Intervenors

__/s/ Jessica E. Leaven__
JESSICA E. LEAVEN (NC Bar No. 27832)
THE ADAMS LAW FIRM
81-B Central Avenue
Asheville, North Carolina 28801
Telephone:     828.251.1821
Facsimile:     828.251.1802
Email:         jesfri@bellsouth.net

JENNIFER GRADY, Plaintiff-Intervenor

__/s/ Paul L. Bidwell__
PAUL L. BIDWELL (NC Bar No. 12868)
29 N. Market Street
Asheville, North Carolina 28801
Telephone:     828.252.0490
Facsimile:     828.252.0511
Email:         bidwelllaw@cs.com

SUBWAY OF ASHEVILLE #7, LLC, AHMAD ENTERPRISES OF NORTH CAROLINA, INC., SUBWAY OF CANTON, INC., SUBWAY OF MERRIMON AVENUE, INC., and SUWAN SUBWAY, LLC., Defendants

__/s/ Ronald C. True__
RONALD C. TRUE (NC Bar No. 13137)
One Oak Plaza, Suite 106
Asheville, North Carolina 28801
Telephone:     828.251.5001
Facsimile:     828.251.1080
Email:         trueatty@bellsouth.net

__/s/ W. Bradford Searson__
JOHN C. CLONINGER
(NC Bar No. 9752)
W. BRADFORD SEARSON
(NC Bar No. 18749)
CLONINGER, ELMORE, HENSLEY & SEARSON, PLLC
366 Merrimon Avenue
Asheville, North Carolina 28801
Telephone:     828.252.1786
Facsimile:     828.252.1874
Email:         cloninger@clhsa.com
               searson@clhsa.com

**APPENDIX A**

[Defendant letterhead]


[insert date]


TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, [Employee Name].

[Employee Name] was employed by Subway of Asheville #7 from [insert date] until [insert date][, *and for Jennifer Grady, was employed by Ahmad-Fakoury Enterprises of North Carolina, Inc. from [insert date] to [insert date]*].  During her tenure with us, [Employee Name] held the position of [Job Title].  A copy of her job description for the position is attached.  Although our reference policy generally limits our comments to the foregoing information, we are willing in [Employee Name's] situation to affirm that she is an honest and reliable employee who possesses excellent customer service skills.  Indeed, we valued [Employee Name's] services to our organization.

We hope that this information about [Employee Name] is helpful to you in considering her application.


Sincerely,


_____
Latif Fakoury
Managing Member
Subway of Asheville #7 LLC
[Ahmad-Fakoury Enterprises of North Carolina, Inc.]

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | **CIVIL ACTION NO. 1:05CV46** |
| **OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | **EMPLOYEE** |
| **SUBWAY OF ASHEVILLE #7, LLC,** | ) | |
| **AHMAD ENTERPRISES OF NORTH** | ) | **NOTICE** |
| **CAROLINA, INC., SUBWAY OF CANTON,** | ) | |
| **INC., SUBWAY OF MERRIMON AVENUE,** | ) | |
| **INC., and SUWAN SUBWAY, LLC,** | ) | |
| **Defendants.** | ) | |
| | ) | |

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Subway of Asheville #7, LLC, Ahmad Enterprises of North Carolina, Inc., Subway of Canton, Inc., Subway of Merrimon Avenue, Inc., and Suwan Subway, LLC in a case alleging discrimination based on sex. Specifically, the EEOC alleged that Defendants subjected female employees to a sexually hostile work environment and constructively discharged some of the affected females, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). The EEOC further alleged that Defendants discharged one of the female employees in retaliation for filing an EEOC charge. As a part of the settlement, Defendants agreed to take certain actions as set out in the Consent Decree, appearing of record, resolving this matter.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.  Defendants will comply with such federal laws in all respects. Furthermore, Defendants will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least four (4) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2010.